[L. A. No. 8902. Department Two.—December 19, 1927.]

PETER NAGEL, Appellant, v. CLINTON E. DORRING-TON et al., Respondents.

[1] NUISANCES — GAS FILLING STATION AND GARAGE. — A gas filling station and garage is not a nuisance *per se*, and, unless it is operated in some extraordinary manner so as to be a nuisance because of such operation, it cannot be determined to be a nuisance requiring suppression at the suit of the representative of the public generally or at the suit of an individual specially affected.

[2] ID. — ISSUES — LEASE OF PROPERTY BY CITY FOR GASOLINE STATIONS—SUIT TO ENJOIN USE.—In a suit to enjoin a party from erecting and operating a gasoline service station and garage upon property leased to him by a city, the question as to whether the lease is *ultra vires* and void and the lessee a trespasser is not involved in the case where it is not shown that the structure is a nuisance.

(1) 42 C. J., p. 1304, n. 68, p. 1305, n. 74.   (2) 44 C. J., p. 1006, n. 55, p. 1021, n. 34.

APPEAL from a judgment of the Superior Court of Los Angeles County. Hugh J. Crawford, Judge. Affirmed.

The facts are stated in the opinion of the court.

T. L. Foley, Kenneth K. Scott, and Chas. Mitschrich for Appellant.

Horace S. Wilson and Constan Jensen for Respondents.

---

1. Garage as a nuisance, notes, L. R. A. 1917E, 369; 50 A. L. R. 107. Automobile gas filling or supply station as nuisance, notes, 35 A. L. R. 95; 51 A. L. R. 1224.

LANGDON, J.—Appeal by plaintiff from a judgment against him in an action in which he sought to enjoin the defendant Dorrington from erecting and operating a "gasoline service station and garage" upon a triangular plot of ground "at the center of the intersection of Irena, Jaspar and Opal streets in the City of Redondo Beach, Los Angeles County, California."

Plaintiff alleged that he is the owner of certain lots and real property which "run from Opal street to Jaspar street, at the intersection of said streets with Irena street and front on said Irena street."

It is alleged, also, that plaintiff's lots are residence lots and that the view from them will be impaired by the filling station, and that the free access thereto will be cut off; that the filling station will attract automobiles which will create noise and annoyance to plaintiff, etc. The plaintiff alleges that this triangular strip was parked by the city and has been maintained by said city as a park from and after the time the tract of land designated as the town site of Redondo Beach was platted into lots, streets and parks and alleys in a map duly filed by the owner of said tract of land and recorded, together with a certificate of dedication, setting apart for the use of the public all the streets and parks and parkways as shown and delineated upon said map; that the city accepted Opal, Jaspar, and Irena Streets and its intersections as delineated upon said map; that the city has caused a lease to be made to defendant Dorrington of said triangular strip of ground for use as a filling station, and Dorrington is proceeding to put the property to such use. It is alleged that the said lease was an *ultra vires* act on the part of the city and is illegal and void, and that Dorrington is a trespasser.

The city was never served with a copy of the complaint and the action proceeded against defendant Dorrington alone. He filed a general and special demurrer, attacking the complaint in over thirty-five different particulars. Amendments to the complaint were made from time to time, and finally, after the demurrer to the fifth amended complaint had been sustained, plaintiff declined to amend further and judgment went against him.

[1] Plaintiff's position is that the filling station is a public nuisance, and that he, as a member of the public, is specially injured, entitling him to sue. The first position is not sustained by any authority, and it is apparent that a "gasoline filling station and garage" is not a nuisance *per se.* It was not in operation at the time the complaint was filed, and unless it is operated in some extraordinary manner so as to be a nuisance because of such operation this court cannot say that it is a nuisance requiring suppression at the suit of the representative of the public generally or at the suit of an individual specially affected.

[2] The questions concerning the legality of the lease to defendant Dorrington are not involved in this action to enjoin Dorrington from proceeding with his building. Plaintiff claims no title to the strip of ground occupied by Dorrington and has no rights unless the erection of this structure is a nuisance. It is settled that an obstruction of a public street is a nuisance, and the authorities cited by plaintiff and appellant all deal with situations where a public street was obstructed, but the complaint herein does not show the obstruction of a public street, but, on the contrary, shows that the streets completely surrounding this plot of ground are open and accessible.

It is unnecessary to go into all the questions raised by the demurrer. Upon the merits, plaintiff has not stated a cause of action and the demurrer was properly sustained.

The judgment is affirmed.

Richards, J., and Shenk, J., concurred.